U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR 20 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORP. | CIVIL ACTION NO. 07-1813 |
| versus | JUDGE TRIMBLE |
| ARKEL SUGAR, INC. AND LAKE CHARLES CANE LACASSINE MILL, LLC | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a motion [R. 19] by defendant Arkel Sugar, Inc. (hereinafter "Arkel") to dismiss claims against it by plaintiff First Specialty Insurance Corp. (hereinafter "FSIC") on the basis that this court lacks subject matter jurisdiction over the above captioned suit. For the reasons discussed below, the court finds that defendant's motion should be DENIED.

I.   BACKGROUND

A.   **Relevant Facts**

On February 21, 2007, Arkel filed suit against the Louisiana Agricultural Finance Authority (hereinafter "LAFA") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Arkel's petition alleges that it contracted with LAFA for the construction of the Lacassine Syrup Plant (hereinafter "Plant") located on immovable property owned by LAFA and that LAFA owed Arkel money for the work performed on the plant.

On March 1, 2007, Lake Charles Cane Lacassine Mill, L.L.C. (hereinafter "Lacassine"), also a defendant to the instant suit, filed suit against Arkel in the Thirty-first Judicial District

1

Court for the Parish of Jefferson Davis, State of Louisiana (hereinafter "Lacassine suit").[1] Lacassine's petition alleged defects in the design and construction of the same plant. Lacassine's suit prayed for an award of damages totaling between $2 and 3 million. On March 15, 2007, LAFA filed an answer, reconventional and third party demand in this suit, which it subsequently dismissed.[2]

FSIC filed the instant suit in November of 2007, seeking declaratory judgment that it owed no coverage for damages sought by Lacassine against Arkel, its insured. Defendant Arkel filed the motion to dismiss now before us alleging the amount in controversy in the FSIC suit does not meet the $75,000 jurisdictional amount necessary to confer subject matter jurisdiction on the court when diversity of citizenship is present among the parties.

**B.     Applicable Standard**

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of costs and attorney fees and is between citizens of different states.[3] The burden of establishing subject matter jurisdiction in federal court belongs to the party invoking it.[4] A motion to dismiss alleging a deficiency in the amount in controversy under Fed. R. Civ. P. 12(b)(1) may only be granted when it appears to a legal certainty that

---

[1] Lacassine's state court petition attached as "Exhibit A" to memorandum in opposition to motion [R. 22].

[2] LAFA's state court answer, reconventional and third party demand attached as "Exhibit B" to memorandum in opposition to motion [R. 22].

[3] 28 U.S.C. § 1332(a)(1).

[4] St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998), citing Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253-54 (5th Cir. 1961).

plaintiff can prove no set of facts which would entitle him to the relief exceeding $75,000.[5] While the court may look to matters beyond the pleadings[6] in order to adjudicate such a motion, it will generally accept plaintiff's own estimation of the sum at issue when it appears that the claim was confected in good faith.[7] A plaintiff's eventual failure to prove entitlement to the full amount of the award prayed for does not evidence bad faith in the confection of a claim and therefore does not impact a court's prior finding of subject matter jurisdiction.[8]

**II.   Analysis**

Defendant's motion asserts that, although Lacassine's suit against Arkel does claim damages well in excess is the requisite jurisdictional amount, this suit may not serve as a basis for FSIC's federal declaratory judgment action because it is clear from the record that Arkel did not contract with Lacassine, but instead, with LAFA. LAFA's only suit, argues defendant, is its former reconventional and third party claim against Arkel, which only asserted damages of $18,000, well below the requisite jurisdictional amount. Accordingly, defendant claims that it is not "facially apparent" that plaintiff's declaratory judgment action meets the amount in controversy requirement.

Plaintiff refutes these claims, asserting that, as the insurer of Arkel, it seeks declaratory judgment in this forum based on the Lacassine suit, as this is the only suit which places the policy issued to Arkel at risk. Further, it points out that, were the LAFA suit relevant, it is also

---

[5]St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938).

[6]Fed. R. Civ. P. 12(b)(1).

[7]Id., at 288-89.

[8]Id.

3

clear from a review of that answer/petition that LAFA merely cut and pasted the itemized damages of Lacassine and inadvertently left one of the damage estimates in the pleading while purposefully omitting the others. Finally, plaintiff argues that whether or not Lacassine is the proper owner of the state court action as the claimed assignee of rights in immovable property owned by LAFA is a matter of the merits of that state court action. Plaintiff urges the court to leave such a determination for the state court adjudicating that matter and notes that, if the state court finds defendant's argument persuasive, this declaratory judgment action will be moot.

The seminal case concerning amounts in controversy in declaratory judgment actions is St. Paul Reinsurance Company, Ltd. v. Greenberg.[9] In that case, the United States Court of Appeal for the Fifth Circuit held that the district court committed error in dismissing plaintiff's suit because it failed to include certain statutory damages which might have been imposed on the defendant if plaintiff prevailed on his claim. Describing the applicable law, the court quoted prior circuit jurisprudence which established that, in declaratory or injunctive relief suits, the value of the right to be protected or the extent of the harm to be prevented constitutes the amount in controversy.[10] Speaking precisely of the type of suit before us, the Fifth Circuit, again quoting prior circuit jurisprudence, instructed that when an insurer seeks declaratory relief concerning policy coverage the "value of the right to be protected" is plaintiff's potential liability under that policy.[11] The court also instructed that district courts adjudicating motions to dismiss for want of requisite amount in controversy must first examine the complaint to determine whether or not

---

[9] 134 F.3d 1250 (5th Cir. 1998).

[10] Id., at 1252-53 (internal citations omitted).

[11] Id. (internal citations omitted).

4

it is "facially apparent" that plaintiff's claims meet this threshold.[12] If the district court finds that it is not thus apparent, it may continue by examining "summary judgment-type" evidence on the issue.[13] Applying the foregoing, the <u>Greenberg</u> court found that it was not facially apparent that plaintiff's claims satisfied the jurisdictional amount since the policy limits in that case were only $35,000, far short of the then applicable $50,000 threshold. The court examined summary judgment evidence in the case and found that penalties which might be assessed against defendant per the Texas Insurance Code, along with attorney's fees, would enlarge the claim well beyond the requisite jurisdictional amount.

Defendant asserts that, while plaintiff's complaint does not mention the prior reconventional and third party claim once asserted by LAFA, this must be deemed the only reasonable basis for plaintiff's federal declaratory action because LAFA is the only party that actually contracted with Arkel and, therefore, the only plaintiff who might place the policy limits of the FSIC policy at jeopardy.

Undertaking the first prong of analysis as instructed by the Fifth Circuit, we find that plaintiff's complaint does make "facially apparent" its prayer for damages in excess of the $75,000 jurisdictional amount. The Lacassine suit, referenced in plaintiff's complaint as the basis for its federal action, unambiguously sets damages at more than $2 million. Although we do not find that analysis under the second prong, using summary judgment-type evidence, is necessary given our finding of facially apparent subject matter jurisdiction, we find that, if plaintiff's complaint had not survived dismissal under the "facially apparent" test, it certainly

---

[12] <u>Id.</u>, at 1253 (internal citations omitted).

[13] <u>Id.</u>

5

would pass muster under this second analysis. The Lacassine suit seeks damages from plaintiff's insured, Arkel. Plaintiff issued Arkel a commercial liability policy with aggregate limits of $2 million.[14] Following the Fifth Circuit's reasoning in St. Paul, we find the amount in controversy to be satisfied by the policy limits and Arkel's potential liability, deemed the value of the right to be protected.

We reject defendant's argument that the LAFA suit must control because there is doubt as to whether or not Lacassine is the proper party to assert claims against Arkel. As plaintiff notes, LAFA has dismissed its claim, leaving Lacassine's claim against Arkel as the only threat to the policy limits. Having examined both the Lacassine petition and the LAFA reconventional and third party demand, we must also agree with plaintiff that LAFA clearly cut and pasted Lacassine's itemized damages. We find no other reasonable explanation for the inclusion of the lone $18,000 damage estimate than careless borrowing of another's pleading, a practice we discourage, but do not find relevant here since this claim is now dismissed. The court also agrees that the merits of Lacassine's suit are properly decided by the state court in which that suit was filed.

### III. Conclusion

The court finds that plaintiff's complaint seeking declaratory relief makes facially apparent its compliance with the requisite jurisdictional amount such that this suit is properly before us under 28 U.S.C. § 1332. Moreover, we are convinced that, looking to summary judgment-type evidence, this conclusion is fully supported by applicable law. Accordingly, the court finds that defendant's motion to dismiss should be DENIED.

---

[14] See policy attached as "Exhibit A" to complaint [R. 1].

Alexandria, Louisiana
March 2 0 , 2008

/s/ James T. Trimble, Jr.
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE