U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 17 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION | : | DOCKET NO. 07-1813 |
| VS. | : | JUDGE TRIMBLE |
| ARKEL SUGAR, INC. AND LAKE CHARLES CANE LACASSINE MILL, LLC | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #29) wherein the Plaintiff, First Specialty Insurance Corporation ("First Specialty"), seeks a ruling from this Court declaring that it has no duty to defend or indemnify defendant, Arkel Sugar, Inc. ("Arkel") in connection with a lawsuit filed in the 31st Judicial District Court for the Parish of Jefferson Davis entitled *Lake Charles Cane Lacassine Mill, L.L.C. v. Arkel Sugar, Inc.*, docket no. C-154-07.

## FACTUAL STATEMENT

The Louisiana Agricultural Finance Authority ("LAFA") entered into contracts with various companies to design and construct a syrup mill on land that it owns in Lacassine, Louisiana. One of those contractors, Arkel, allegedly designed supervised, supported and provided engineering and supervisory services to aid in the construction of the mill. The Lake Charles Cane Lacassine Mill (the "Mill") entered into a Lease of Improvements, Movable and Land (the "Lease") with LAFA for the lease of the Plant. This Lease included an option for the Mill to purchase the plant from LAFA. The Mill exercised its option to buy the plant and is the current owner. Article 4 of the Lease assigned to the Mill any and all of its rights and claims against all contractors, sub-contractors,

manufacturers, vendors, mechanics, tradesmen, architects, engineers, insurers, guarantors, indemnitors, sureties or other person(s) pertaining to the quality, reliability or condition of the Improvements and Movables.

The instant suit was filed as a declaratory action that is derivative of a state court action between the Mill and Arkel wherein the Mill alleges claims for breach of contract,[1] breach of the general standard of care and/or negligence,[2] and breach of warranty.[3] According to the Petition for Damages filed in the state court action, the claims arise out of Arkel's work as an engineer/contractor for the design, construction, establishment and commissioning of the Lacassine syrup plant.[4] "Under the terms of the contract, Arkel was to provide all engineering services, including the preparation of all specifications for all equipment and materials required for the project, provide a professional opinion as to the compatibility of all equipment, preparation of all specifications for construction and erection works required for the project, ..."[5]

Plaintiff, First Specialty, issued an insurance policy to Arkel that provided commercial general liability coverage (policy No. FGL209001560901) which was effective from May 1, 2005 to May 1, 2006. The insurance policy is the subject of the instant declaratory action.

In its motion for summary judgment First Specialty relies on the following exclusion as the basis for its position that it does not owe Arkel a defense or indemnification:

---

[1] Plaintiff's exhibit B, Petition for Damages, ¶¶ 3 and 13.

[2] *Id.*, ¶¶ 7, 11 and 22.

[3] *Id.*, ¶ 18.

[4] *Id.*, ¶ 5.

[5] *Id.* ¶ 6.

2

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Professional services include:

1. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

2. Supervisory, inspection, architectural or engineering activities.[6]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[6] Plaintiff's exhibit A, p.49.

[7] Fed. R.Civ. P. 56(c).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[9] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

3

moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

First Specialty, as the insurer of Arkel, maintains that it has no duty to defend or indemnify Arkel because its insurance policy contains a Professional Services Exclusion that would bar coverage for the claims asserted by the Mill against Arkel in the state court action.

In Louisiana, an insurer's duty to defend is determined by comparing the allegations of the complaint against the insured with the terms of the policy.[15] The insurer must provide a defense unless the allegations in the complaint unambiguously excludes coverage.[16] The insurer is obligated

---

[10] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[11] *Anderson*, 477 U.S. at 249.

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[14] *Anderson*, 477 U.S. at 249-50.

[15] *Jensen v. Snellings*, 841 F.2d 600, 612 (5th Cir.1988).

[16] *Id.*

to defend if the complaint discloses even a *possibility* of liability under the policy.[17] "Even though the main thrust of a complaint falls outside policy coverage, all factual allegations are considered in determining the duty to defend, and if there are any facts which, when taken as true, support a claim for which coverage is not unambiguously excluded, then the duty to defend arises."[18]

First Specialty cites several cases wherein the courts have found exclusions similar to First Specialty's to be unambiguous and enforceable to exclude coverage.[19] Louisiana courts have defined professional services as:

> services performed by one in the ordinary course of the practice of his profession, on behalf of another, pursuant to some agreement, express or implied, and for which it could reasonably be expected some compensation would be due.[20]

Professional services have been further defined as "those that require the specialized training, judgment and use of specialized tools or instruments."[21]

The Petition for Damages asserts claims of negligence, and breach of contract and warranty.

---

[17] *Id.*

[18] *Armstrong v. Land & Marine Applicators, Inc.*, 463 So.2d 1327, 1131 (La.App. 5th Cir. 1984).

[19] See *Doucet v. Huffine Roofing and Constr.*, 841 So.2d 916, 920 (La.App. 5th Cir. 2003)(professional services exclusion was "clear and unambiguous"); *Olin Corp. v. Koppers Co., Inc.*, 986 F.2d 1410, 1993 WL 58800, *2 (5th Cir. 1993)(the Fifth Circuit found that "[a]ny claim based on the rendering of professional services by an engineer is unambiguously excluded," including supervision, inspection and testing services).

[20] *Natural Gas Pipeline Co. Of Am. v. Odom Offshore Surveys, Inc.*, 889 F.2d 633, 636 (5th Cir. 1989); *Ruel v. Fremont Indem. Co.*, 611 So.2d 171, 173 (La.App. 1993).

[21] *Merlin B. Smith, Inc. v. Travelers Prop. Cas.*, 811 So.2d 1097, 1101 (La.App. 2nd Cir. 2002)(noting that "[t]he exclusion of professional services is typically found in comprehensive business liability policies because coverage for such exposure is provided by special policies")

5

The facts alleged to support those claims are as follows: (1) "[f]ailure to include in the designs a speed indicator...", (2) "[f]ailure to provide adequate and complete electrical designs...", (3) "[f]ailure of Arkel to properly inspect...", (4) "[f]ailure to design a speed reducing system..." (5) "[f]ailure to properly design the piping and overflow valve...", (6) "[f]ailure to adequately design the process drain pump system...", (7) "[i]nadequate design of conveyor systems...", (8) "[f]ailure to properly design the CIP drain pump...", (9) "[f]ailure to design the juice heaters of adequate size...", and (10) "[e]rrors in design drawings...."[22]

In itemizing the specific amount of its damages, the Mill alleges the exact same facts.[23] In their opposition, defendants Arkel and the Mill argue that the allegations implicate liability which would fall outside the professional services exclusion and/ or that Arkel's role in the construction of the project included both the design and the management of the construction project.[24] On October 28, 2008, after the oppositions were filed, the Court issued an order based on complaints by the Mill that it was not able to get discovery responses from Arkel. The Court granted the parties sixty days for additional discovery to establish Arkel's role in the construction project. Neither Arkel, nor the Mill have filed either additional evidence or memoranda with the Court to create a genuine issue of fact as to whether or not Arkel's role in the project included anything other than engineering services. It is abundantly clear to the Court that the factual allegations made in the Petition for Damages include only engineering services which are expressly and unambiguously excluded by the professional services exclusion of the policy.

---

[22] Petition for Damages, ¶ 7.

[23] *Id.*, ¶ 24.

[24] See opposition memoranda (docs. #34 and 35) filed October 17, 2008.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted in favor of First Specialty Insurance Corporation in that First Specialty has no duty to defend or indemnify Arkel in connection with the state court action entitled *Lake Charles Cane Lacassine Mill, L.L.C. v. Arkel Sugar, Inc.* Docket no. C-154-07, 31st Judicial District Court of Jefferson Davis Parish.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE